J. RICHARD ORIZOTTI
POORE, ROTH & ROBINSON, P.C.
1341 HARRISON AVENUE
P.O. BOX 2000
BUTTE, MONTANA 59702
(406) 497-1200 (PHONE)
*jro@prrlaw.com* (EMAIL)
MT No. 2052

ATTORNEY FOR APPELLANT, CREDIT SUISSE

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| CREDIT SUISSE AG, CAYMAN ISLANDS BRANCH, | |
| Appellant, | Case No. CV-10-63-BU-RFC |
| vs. | |
| YELLOW MOUNTAIN CLUB, LLC, YELLOWSTONE DEVELOPMENT, LLC, BIG SKY RIDGE, LLC, and YELLOWSTONE CONSTRUCTION CO., LLC, | |
| Appellees. | |

## BRIEF IN SUPPORT OF MOTION FOR EXTENSION
## OF DEADLINES OR, IN THE ALTERNATIVE, MOTION TO STAY

Appellant Credit Suisse AG, Cayman Islands  Branch ("Credit Suisse"), for itself and as agent for the prepetition lenders, submits this Brief in support of its Motion to Extend Deadlines or, in the alternative, Motion to Stay, pending resolution of the appeals to the United States Court of Appeals for the Ninth Circuit from the United States District Court's Memorandum and Order issued November 2, 2010, and its Oral Order of October 29, 2010 (collectively the "Remand Order"), reversing and remanding the Bankruptcy Court's confirmation of the Debtor's Third Amended Reorganization Plan (the "Plan").

A.      The Background of the Bankruptcy Case and Appeals From the Remand Order

The Debtors consist of entities comprising a private ski and golf resort development known as the Yellowstone Club located in Big Sky, Montana.  Three of the bankruptcy cases have been substantively consolidated and the fourth bankruptcy case is jointly administered with the other cases.[1]  The Plan was confirmed on June 9, 2009.  (Bankr. Docket No. 947).  On June 10, 2009, Timothy Blixseth filed a Notice of Appeal of plan confirmation.  (Bankr. Docket No. 1038). The United States District Court for the District of Montana issued its Memorandum and Order dated November 2, 2010, reversing the Bankruptcy

---

[1] The Debtors are the following entities:  Yellowstone Mountain Club, LLC; Yellowstone Development, LLC; and Big Sky Ridge, LLC, which entities are substantively consolidated, and Yellowstone Club Construction Co., LLC, which is jointly administered with the other Debtors.

Court's confirmation of the Plan, and remanding the case to the Bankruptcy Court for further proceedings consistent with the Memorandum and Order. The Memorandum and Order is attached as Exhibit A to this Brief. The District Court also issued an Oral Order of October 29, 2010. The transcript of the Hearing in the United States District Court (pages 45-51) is attached as Exhibit B. The Remand Order has been appealed to the United States Court of Appeals for the Ninth Circuit by Marc S. Kirschner as Trustee of the Yellowstone Club Liquidating Trust ("YCLT")[2], New CH YMC Acquisition, LLC (the "Reorganized Debtor"), and Yellowstone Mountain Club, LLC, et al. (the "Debtors"). YCLT's Notice of Appeal of the Remand Order is attached as Exhibit C. The appeal from the Remand Order of the Reorganized Debtor is attached as Exhibit D, and the Appeal from the Remand Order of the Debtors is attached as Exhibit E. Credit Suisse also filed a Notice of Appeal from the Remand Order and other orders which is attached as Exhibit F.

B.      The Background of This Appeal by Credit Suisse

Credit Suisse filed its Notice of Appeal to the Bankruptcy Appellate Panel from the order of the United States Bankruptcy Court for the District of Montana entered in the Chapter 11 cases on the 13th day of May 2009, only to the extent it denied Credit Suisse's motion under 11 U.S.C. sections 105(a), 361 & 363(e) for

---

[2] The YCLT was created by the Plan.

adequate protection (the "Order") (Bankr. Docket No. 865).  The Order is attached

as Exhibit A to the Notice of Appeal.  As is noted in the Notice of Appeal, Credit

Suisse appealed the Order solely for the purpose of preserving its right of appeal

following the Remand Order which is now on appeal to the Ninth Circuit Court of

Appeals.

Credit Suisse is a party to a settlement reached among several parties,

including YCLT, the Reorganized Debtor, and the Debtors.  The settlement is

identified as the "Term Sheet" setting out the terms for the settlement of various

disputes.   On May 28, 2009, the Debtors lodged the Term Sheet with the

Bankruptcy Court.  (Bankr. Docket No. 985).  The Term Sheet is incorporated into

the Plan which was confirmed by the Bankruptcy Court.

As a result of the Remand Order, it became necessary for Credit Suisse to

file the appeal in this case to preserve its right of appeal from the Order.  However,

in light of the appeals to the Ninth Circuit Court of Appeals from the Remand

Order, it is respectfully submitted that the United States District Court for the

District of Montana should indefinitely extend the deadlines for prosecuting this

appeal or, in the alternative, issue a stay of this appeal, pending resolution of the

appeals to the Ninth Circuit.  Credit Suisse submits that the requested action

promotes judicial economy and prevents confusion that could result from two

courts addressing related and intertwined issues.

4

C.      The Notices of Appeal from the Remand Order Likely Divest this Court of
        Jurisdiction Over this Appeal

        As a general rule, the filing of the Notice of Appeal is an event of
jurisdictional significance and confers jurisdiction on the Court of Appeals and
divests the District Court of its control over those aspects of the case involved in
the appeal.  *See, Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982);
*Trulis v. Barton*, 107 F.3d 685, 694-95 (9th Cir. 1995); *In re Hagel,* 184 B.R. 793,
798 (9th Cir. BAP 1995).

        In *In re Marino*, 234 B.R. 767, 769 (9th Cir. BAP 1999), the Bankruptcy
Appellate Panel considered similar jurisdictional issues and stated with respect to
divestment of jurisdiction:  "This judge-made principle is designed to promote
judicial economy and prevent the confusion that would result from two courts
addressing the same issue. …   A pending appeal divests the Bankruptcy Court of
jurisdiction to vacate or modify an order which is on appeal.  (Citation omitted.)
This principle serves to ensure 'the integrity of the appellate process.'"  *Id.*  The
Bankruptcy Appellate Panel noted that timely notice of appeal of a decision of the
Bankruptcy Appellate Panel to the Court of Appeals divests lower courts, the
Bankruptcy Court and the Bankruptcy Appellate Panel, of jurisdiction over the
matter.  *Id.* at 770.

        In the alternative to this Court indefinitely extending the deadlines for
prosecuting this appeal, this Court is requested to stay this appeal pending

resolution of the appeals to the Ninth Circuit.  The granting of a stay by a reviewing court is not a matter of right but it is an exercise of "judicial discretion" and the propriety of its issuance is dependent on the circumstances.  *Scripps-Howard Radio v. F.C.C.*, 316 U.S. 4 (1942).  As discussed above, it is respectfully submitted that a stay of this appeal would not substantially harm any parties to the litigation and would promote judicial economy and prevent confusion that could result from two Courts addressing related issues.

Credit Suisse recognizes that this appeal, originally appealed to the Bankruptcy Appellate Panel,[3] has not been appealed to the Ninth Circuit Court of Appeals.[4]  However, the validity of the Bankruptcy Court's confirmation of the Plan is on appeal to the Ninth Circuit Court of Appeals.  The judge-made principle designed to promote judicial economy and prevent confusion resulting from two courts addressing the same issue would be well served if this Court grants this Motion to indefinitely extend the deadlines in this appeal or, in the alternative, stay this appeal pending final determination of the appeals to the Ninth Circuit Court of Appeals.

---

[3] Pursuant to 28 U.S.C. § 158(c)(1), Mr. Blixseth elected to transfer this appeal from the Bankruptcy Appellate Panel to the United States District Court for the District of Montana.

[4] This appeal has not been docketed.

RESPECTFULLY SUBMITTED this 2nd day of December, 2010.


/s/  J. Richard Orizotti
J. Richard Orizotti
POORE, ROTH & ROBINSON, P.C.
1341 Harrison Avenue
P.O. Box 2000
Butte, MT 59702
(406) 497-1200
*jro@prrlaw.com* (EMAIL)

Attorney for Credit Suisse,
sole administrative agent and collateral agent

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rules 7.1(d)(2) and 10.1(a), I certify that this brief is printed in font size of 14 points; is double spaced; and the word count calculated by Microsoft Word is 1,130 words, excluding the caption, Certificate of Service and Certificate of Compliance.

DATED this 2nd day of December, 2010.

                                           _____/s/ J. Richard Orizotti_____

                                           J. Richard Orizotti
                                           Poore, Roth & Robinson, P.C.
                                           Attorneys for Credit Suisse, sole
                                               administrative agent and collateral
                                               agent